

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 21 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CAMERON M. THIERRY,

    Plaintiff,

v.

THE HONEY POT COMPANY (DE), LLC,

    Defendant.

Civil Case No. 1:22-CV-4414-MHC

## PLAINTIFF'S RESPONSE TO SHOW CAUSE IN WRITING ON, AND MOTION FOR EXTENSION OF, COURT ORDERED DEADLINE

TO THE HONORABLE DISTRICT JUDGE MARK H. COHEN:

COMES NOW the Plaintiff and files this Response to **SHOW CAUSE IN WRITING** on, and Motion for Extension of, the Court Ordered Deadline (or the "Motion" hereinafter) related to Plaintiff's burden to prove sufficient subject matter jurisdiction in the instant case, and pursuant to Federal Rules of Civil Procedure 6(a) & 6(b), 7(b), Local Rules 7.1, and Standing Orders Section II(A). Plaintiff notified Defendant of the Motion and presented an opportunity to object on February 18, 20223 via electronic mail (see "Attachment C"), after hearing back on unsuccessful additional preventative steps taken, in good faith, in advance

1

of the Motion, as this Court shall see. With the case's dismissal at stake, Plaintiff brings forth the Motion now, as it is not in Defendant's interest to *willingly* consent to an extension of the February 22, 2023 Court Ordered Deadline (Dkt. No. 40) to *show cause in writing* on why this case should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332, and shows this Court as follows:

## I. BACKGROUND AND ARGUMENT

1.    Due to the looming Court Ordered deadline of February 22, 2023 (Dkt. No. 40) for Plaintiff to *show cause in writing* on sufficient subject matter jurisdiction in the case, Plaintiff has already taken swift actions to resolve any question on subject matter jurisdiction in this Court, but may need additional time, amidst Discovery, for further compliance.

2.    On February 6, 2023, Plaintiff filed an [Emergency] Motion to Compel Discovery (Dkt. No. 37) on his February 1, 2023 filed Discovery Request (Dkt. No. 34), pertaining to what this Court shall see is *non-public information*, and only in possession of Defendant, but that Motion to Compel Discovery was denied by the Court (Dkt. No. 40), despite Plaintiff's related *then*-looming Court Ordered deadline of February 14, 2023, granted on January 31, 2023 (Dkt. No. 27), to *show cause in writing* on subject matter jurisdiction in this case.

2

3.      Honorable Judge Mark H. Cohen's February 8, 2023 Order (Dkt. No. 40) in the instant Case granted Plaintiff an additional fourteen (14) days from the date of the Order to comply with the Court's January 31, 2023 Order (Dkt. No. 27) with respect to establishing sufficient subject matter jurisdiction in the case.

4.      Therefore, the February 8, 2023 Order grants Plaintiff only until February 22, 2023 to comply with the Court's January 31, 2023 Order with respect to establishing sufficient subject matter jurisdiction in the case. Please also take notice that from February 22 to February 24, 2023 Mr. Johnson is expected to be on vacation (Dkt. No. 19).

5.      Based on the date of service of January 31, 2023 on Plaintiff's Discovery Request for Production of Schedule of Defendant's Limited Liability Company Members (or the "Discovery Request" hereinafter) filed on February 1, 2023 (Dkt. Nos. 34 & 39), pursuant to Federal Rules of Civil Procedure 34(b)(2)(A), Defendant is allowed up until March 2, 2023 to Respond to the "Discovery Request", despite the looming Court Ordered deadline for Plaintiff from paragraphs 1 and 4 of February 22, 2023.

6.      The noticeable issue at hand here is that the Discovery Request's legal response time expires on March 2, 2023 (Dkt. No. 39), which is eight (8) days after Plaintiff's deadline of February 22, 2023 (Dkt. No. 40) to comply with the Court's

3

January 31, 2023 Order (Dkt. No. 27) issued with respect to establishing sufficient subject matter jurisdiction in the case. And, under the Order, failure of Plaintiff to **identify by name and provide citizenships** for Defendant's limited liability company members will result in a (default) dismissal of the case.

7.      Plaintiff has attempted to prevent further Court intervention on this matter. On February 8, 2023 Plaintiff, in *good faith*, reached out to Defendant via electronic mail **to inquire about being able to reach a fair agreement**, under good faith, **for production of the list** of names and citizenships for the members of its limited liability company (or, if a member is a limited liability company, for those members as well) [expected to be a readily available, and easily accessible, company document of Defendant], as requested in the Discovery Request (Dkt. No. 34), **to be disclosed and delivered to Plaintiff well in advance of February 22, 2023, in order to afford him the opportunity to comply** with related aforementioned Court Orders issued (Dkt. Nos. 27 & 40), **without further Court intervention**. However, after the third (3rd) follow-up attempt, Defendant replied on February 17, 2023 via electronic mail in reliance on the confines of the law for the matter at hand, pertaining to disclosing its limited liability company member names and citizenships (see "Attachment A"), which further yields an anticipation that Defendant will not Respond to Plaintiff's Discovery Request until well beyond

4

the February 22, 2023 expiration of the Court Ordered Deadline (Dkt. Nos. 27 & 40).

8.      Without further Court intervention, Defendant may default to adopt Federal Rules of Civil Procedure 34(b)(2)(A)'s implicit thirty (30) day Response deadline, and therefore *not* Respond to Plaintiff's Discovery Request (Dkt. No. 34) in advance of or on February 22, 2023, which then in turn presents a potential *impossibility of performance*, at this time, for Plaintiff to comply with the aforementioned Court Orders issued, given the *non-public information* needed. Plaintiff's Complaint would then subsequently be Ordered for dismissal by the Court, without Plaintiff receiving the vital Discovery Request Response, or any separate disclosure of the specific document related thereto, *well before* the February 22, 2023 Court Ordered deadline.

9.      This presents a conflict of interest between the two parties, and hence the Motion. Namely, Plaintiff is obliged to comply with the February 22, 2023 Court Ordered deadline (Dkt. No. 40) set to expire prior to Defendant's anticipated *Response* to Plaintiff's Discovery Request (Dkt. No. 34), which was immediately served upon Defendant (Dkt. No. 39) upon the granting of the January 31, 2023 Court Order (Dkt. No. 27), pertaining to the much needed *non-public* discoverable information for Plaintiff's ability to comply with the aforementioned Court Orders

5

(Dkt. Nos. 27 & 40), given the thirty (30) day Discovery Request deadline to Respond implicit in Federal Rules of Civil Procedure 34(b)(2)(A).

## II. UNANTICIPATED OR UNFORESEEN CIRCUMSTANCES NECESSITATING THE EXTENSION

10. Plaintiff's additional swift actions taken, and hindrances encountered, related to his burden to prove sufficient subject matter jurisdiction by discovering Defendant's limited liability company member names and citizenships (or, if a member is a limited liability company, for those members as well) in the instant case include the following:

(i) Plaintiff has searched the databases of, and on February 8, 2023 made Open Records Requests with, the Offices of the Secretary of State that Defendant is known to be registered with, namely, in both Georgia and Delaware, and further reached out to Defendant's listed *Registered Agents with Business Information on File*, namely Mr. Scot Burton of *stated* (but discovered to be formerly of) Taylor English Duma LLP (via electronic mail) and The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801 (via phone), respectively (see "Attachment B", pages "B-1 to B-3; B-6 to B-9").

(a) This effort resulted in no findings of Defendant's limited liability company member names or citizenships, as such

6

information is not legally required to be kept on file with the Offices of the Secretary of State in Georgia or Delaware, or with the Registered Agents. Further, there is no mechanism or requirement in place for either State's Corporation Division Offices to collect such information (see "Attachment B", pages "B-6 to B-9").

(b)     Further, Plaintiff discovered it appears that despite a tale of different Georgia business formations and/or name changes over the years, Defendant has been able to evade registering current, or any recent, Articles of Organization, which could include Defendant's limited liability company member names and citizenships. The original August 16, 2012 business filing for Defendant (as then-The Happy Root, L.L.C.) only lists Defendant CEO Beatrice Dixon as an Organizer (see "Attachment B", pages "B-4 to B-5"). Furthermore, under Article II [and in Exhibit A] of the current Operating Agreement of Defendant (as then-The Happy Root, L.L.C.) obtained during Plaintiff's employment

7

with Defendant, and on hand with him, Defendant CEO Beatrice Dixon and Defendant (Former) CFO Simon Gray are the only listed *Members of Defendant's limited liability company*, each sharing 50% equity interests in Defendant (see "Attachment B", pages "B-11 to B-14"), and both believed to be Citizens of the State of Georgia (as to be shown below in paragraph 13).

(c)    Plaintiff ultimately discovered, after receipt of also a copy of Defendant's Delaware Entity "Status" Report (see "Attachment B", pages "B-10") on January 31, 2023, **any updated list** of Defendant's limited liability company member names and citizenships (or, if a member is a limited liability company, for those members as well) **is not publicly available information**.

(ii)    Plaintiff conferred with Defendant in *good faith* to prevent further Court intervention on the matter, as shown in paragraph 7 above, but was unsuccessful (see "Attachment A").

(a)    This effort resulted in no findings of Defendant's limited liability company member names or citizenships, as such

8

information currently is not legally required to be disclosed to Plaintiff until thirty (30) days after service of Plaintiff's January 31, 2023 Discovery Request (Dkt. Nos. 34 & 39).

(iii)    Defendant's limited liability company member names and citizenships were not disclosed in Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint* filed on February 13, 2023 (Dkt. No. 43), and **Plaintiff cannot help but notice**, that out of all of the *alleged technicalities* brought forth in Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint*, Defendant has not disclosed its limited liability company member names and citizenships in any Responses or Affirmative Defenses filed or raised, which as we know, if in doing so, and if any members were found to be Citizens of Wisconsin, would easily disprove sufficient subject matter jurisdiction in the instant case under 28 U.S.C. § 1332, establishing grounds for dismissal. Defendant has not attempted to raise the aforementioned Defense *to date*.

(a)    This effort resulted in no findings of Defendant's limited liability company member names or citizenships, as such

9

information has not been disclosed within any of Defendant's filings, or raised within any of its Affirmative Defenses, in the instant case *to date*.

11.    Therefore, it has been discovered that only Defendant is in possession of its limited liability company member names and citizenships, and Defendant is *clutching on tightly* to any information *that may differ* from what the Court shall see below, *and would be unbeknownst to Plaintiff* at this time. With the Court Ordered February 22, 2023 deadline looming (Dkt. No. 40), Plaintiff is at the mercy of not being made further aware of Defendant's limited liability company member names and citizenships in time, due to Defendant's *still pending* Response to Plaintiff's Discovery Request (Dkt. No. 34) for such information, which the deadline for extends until March 2, 2023 (Dkt. No. 39).

12.    Plaintiff will continue to explore and seek out additional Discovery methods available to him as a *Pro Se* litigant under the laws of Georgia and this Court, within any time period, if granted by extension, to respond and *show further cause in writing* on sufficient subject matter jurisdiction in the instant case as soon as practicable.

13.    **Based on information and belief from Discovery so far**, Plaintiff submits the following list of Defendant's limited liability company members and

10

citizenships (or, if a member is a limited liability company, for those members as well), **none of whom are believed to be Citizens of the State of Wisconsin, as shown, where Mr. Thierry is a Citizen** (as proven on January 30, 2023 in "**Attachment B - Plaintiff's Affidavit of Citizenship**", **Dkt. No. 31**, see **pages "207-208 of 211"**), **therefore deeming subject matter jurisdiction sufficient under 28 U.S.C. § 1332 at this time, absent any objection from Defendant**:

| Plaintiff's List of The Honey Pot Company (DE), LLC [and The Honey Pot Company, LLC] Members (last known [as of May 31, 2018] based on information and belief) | | | | |
|---|---|---|---|---|
| **Name** | **Position** | **Equity Ownership Type** | **Class** | **Citizenship** |
| Beatrice Dixon | CEO | Founder Shares/Officer Equity Pool | Voting | Citizen of the State of Georgia |
| Simon Gray | CFO | Founder Shares/Officer Equity Pool | Voting | Citizen of the State of Georgia (and currently believed to be an expatriate residing in the Kingdom of the Netherlands) |
| Linda Rippol | CMO | Founder Shares | Voting | Citizen of the State of Georgia |
| Randolph Hazelton | Former COO | Founder Shares | Voting | Citizen of the State of Georgia |
| Boikai Cummings | Advisor | Founder Shares | Voting | Citizen of City of Johannesburg, Gauteng, South Africa |
| New General Market Partners, LLC | Investor/Partner | Equity Partner | Voting | Richelieu Dennis, Citizen of the State of New York. Any other Member Names and Citizenships to be declared (LLC incorporated in Delaware). No members believed to be Citizens of the State of Wisconsin. |
| Patricia Shelton | Investor | Convertible Note | Non-voting | Citizenship to be declared Not believed to be a Citizen of the State of Wisconsin |
| Jacqueline Gattereau | Investor | Convertible Note | Non-voting | Citizen of the State of Florida |
| "Lawyer" Martin | Investor | Convertible Note | Non-voting | Citizenship (and Legal Name) to be declared Not believed to be a Citizen of the State of Wisconsin |
| Troy Flower | Investor | Convertible Note | Non-voting | Citizenship to be declared Not believed to be a Citizen of the State of Wisconsin |
| Randolph Hazelton | Investor | Convertible Note | Non-voting | Citizen of the State of Georgia |

## III. TIMETABLE FOR THE COMPLETION OF THE TASK FOR WHICH EXTENSION IS SOUGHT
*[Barring No Further Unanticipated Or Unforeseen Circumstances]*

14.     Plaintiff intends to further fulfill any burden of proof, *showing further cause in writing* why subject matter jurisdiction is sufficient in this Court under 28 U.S.C. § 1332 by:

(i)     Immediately filing and supplementing the list of Defendant's limited liability company member names and citizenships from

11

paragraph 13 upon any response to Plaintiff's Discovery Request (Dkt. No. 34) by or on February 22, 2023, if any of Defendant's members are found to be shown incorrectly above in paragraph 13, **OR,** in the alternative,

(ii)   Filing a Motion to Compel Discovery on Plaintiff's Discovery Request (Dkt. No. 34) upon any deficient response thereto, or lack thereof, from Defendant by or on March 2, 2023 (Dkt. No. 39).

Each of the two instances above require an extension of time to the February 22, 2023 Court Ordered deadline, in order to allow Plaintiff time to further fulfill any burden of proof regarding sufficient subject matter jurisdiction in this Court. **An extension of time being requested, and if granted would still be, within the bounds of the case's Discovery track, given this early juncture along the way**.

## IV. CONCLUSION

WHEREFORE in the instant Motion, for all of the reasons stated above, Plaintiff requests the following of the Court:

(A)   That the Court extend the incumbent *within* fourteen (14) day imposed Court Ordered deadline granted on February 8, 2023 (Dkt. No. 40) (for Plaintiff to *show cause in writing* why subject matter jurisdiction is sufficient in this Court under 28 U.S.C. § 1332) to up to

12

*at least within* fourteen (14) days after Plaintiff's Discovery Request (Dkt. No. 34) deadline of March 2, 2023 (Dkt. No. 39) [thus, extending the imposed Court Ordered deadline (Dkt. No. 40) for Plaintiff to respond to by or on March 16, 2023], **OR**, in the alternative,

(B)     That the Court Order Defendant to accurately disclose and produce the specified document in the Discovery Request (Dkt. No. 34) at an earlier date under the Court's discretion, premises considered, **OR**, in the alternative,

(C)     That the Court extend the incumbent *within* fourteen (14) day imposed Court Ordered deadline granted on February 8, 2023 (Dkt. No. 40) (for Plaintiff to *show cause in writing* why subject matter jurisdiction is sufficient in this Court under 28 U.S.C. § 1332) to until the close of Discovery, which is on May 8, 2023,

as a matter of law.

Respectfully submitted this 20th day of February, 2023.

*[Signature of Counsel on Following Page]*

13

CAMERON M. THIERRY
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE

Attorney for Plaintiff
Cameron M. Thierry

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES AND SERVICE

By signature below, I hereby certify that the foregoing was prepared in Times New Roman, 14 point font, in compliance with Local Rule 5.1. I also certify that I have served Defendant with a copy of the within and foregoing by filing with the Clerk of Court using CM/ECF system which will send notification of such filing to all attorneys of record as follows:

MICHAEL D. JOHNSON
Georgia Bar No. 399430
mjohnson@taylorenglish.com
TOBIAS C. TATUM
Georgia Bar No. 307104
ttatum@taylorenglish.com

Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376

This 20th day of February, 2023.

CAMERON M. THIERRY
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE

Attorney for Plaintiff
Cameron M. Thierry

**ATTACHMENTS**

 **Gmail**

Text
_____

## Re: Service of Process on PLAINTIFF'S DISCOVERY REQUEST FOR PRODUCTION OF SCHEDULE [OR LIST] OF DEFENDANT'S LIMITED LIABILITY COMPANY MEMBERS [ALONG WITH CITIZENSHIPS] [ + MoL] [Thierry v. The Honey Pot Company, DE, LLC]

Text
_____

**Michael Johnson** <mjohnson@taylorenglish.com>                    Fri, Feb 17, 2023 at 12:05 PM
To: Cameron Thierry <cameron.thierry@gmail.com>
Cc: Toby Tatum <ttatum@taylorenglish.com>, Winifred Farria <wfarria@taylorenglish.com>

Good afternoon Mr. Thierry,

In response to your email, please know and understand that there are rules and procedures that govern the practice of law in state and federal courts of Georgia. Rest assured that I will respond to all appropriately filed requests, discovery or otherwise, in accordance with the rules and procedures that govern the practice of law in the state of Georgia. Thank you.

Michael Johnson

Sent from my iPhone

> On Feb 16, 2023, at 1:42 PM, Cameron Thierry <cameron.thierry@gmail.com> wrote:
>
>
> Good Afternoon Mr. Johnson -
>
> This is a final *good faith* attempt seeking some form of responsive action from Defendant regarding Plaintiff's request for Defendant's acknowledgement of receipt of, and/or response to, his February 8, 2023 email correspondence pertaining to the discovery issue at hand sent below - please do confirm as soon as *practicable*. Thank you.
>
> Best,
>
> Cameron Thierry, CPA
> 404.822.0336
> Cameron.Thierry@gmail.com
>
>
> > On Tue, Feb 14, 2023 at 6:49 AM Cameron Thierry <cameron.thierry@gmail.com> wrote:
> > Good Morning Mr. Johnson -
> >
> > This is a second follow-up attempt relating to Plaintiff's request for Defendant's acknowledgement of receipt of, and/or response to, his February 8, 2023 email sent below - please do confirm as soon as *practicable*. Thank you.
> >
> > Best,
> >
> > Cameron Thierry, CPA
> > 404.822.0336
> > Cameron.Thierry@gmail.com

On Fri, Feb 10, 2023 at 4:30 PM <cameron.thierry@gmail.com> wrote:
Good Afternoon Mr. Johnson -

Following-up on acknowledgement of receipt of the February 8, 2023 email below - please do confirm as soon as *practicable*. Thank you.

Best,

Cameron Thierry, CPA
404.822.0336
Cameron.Thierry@gmail.com

On Feb 8, 2023, at 3:56 PM, Cameron Thierry <cameron.thierry@gmail.com> wrote:

Good Afternoon Mr. Johnson -

Plaintiff is reaching out today via email in a good-faith effort to attempt to resolve what has come to be a *discovery dispute* relating to *response timing*, in lieu of Plaintiff's intended compliance with Court Orders issued, due to the nature of the information to be disclosed from the instant Discovery Request below being needed by Plaintiff for such compliance, and shows opposing Counsel the following:

On February 8, 2023 Honorable Judge Mark H. Cohen issued an Order that Plaintiff be given an additional fourteen (14) days from the date of the Order to comply with the Court's January 31, 2023 Order with respect to establishing subject matter jurisdiction in the case.

That **gives Plaintiff only until February 22, 2023** to comply with the Court's January 31, 2023 Order with respect to establishing subject matter jurisdiction in the case. Note February 22, 2023 is also a day Mr. Johnson is intending to be on vacation.

The Federal Rules of Civil Procedure rightfully allow Defendant thirty (30) days to respond to Plaintiff's "Discovery Request", despite the rushed timing requested in good faith within, which was filed on February 1, 2023 [Dkt. No. 34], with a copy also served to Defendant's Counsel on January 31, 2023 and its Certificate of Service filed with the Court Clerk indicating the date of service of the "Discovery Request", per LR 26.3(A), NDGa. [Dkt. No. 39].

Based on the date of service of January 31, 2023 on the "Discovery Request," per Federal Rules of Civil Procedure 34(b)(2)(A), **Defendant is allowed up until at least March 2, 2023** to respond to the "Discovery Request."

The ***noticeable discovery dispute in question*** here is that **the "Discovery Request's" legal response time expires on March 2, 2023, which is eight (8) days after Plaintiff's deadline of February 22, 2023 to comply with the Court's January 31, 2023 Order issued with respect to establishing subject matter jurisdiction** in the case. And failure of Plaintiff to identify by name and provide citizenships for Defendant's LLC members would result in a (default) dismissal of the case.

In order to prevent further Court intervention on the matter, of (i) potentially contacting Ms. Enix to notify her of any *discovery dispute*, and/or (ii) the *filing of additional "Discovery Request" related Motions* by Plaintiff, given all premises, <u>**are we able to reach a fair agreement, under good faith, that Production of the List of Names and Citizenships for the Members of the Defendant's LLC, as requested in the instant "Discovery Request", be made and delivered to Plaintiff well in advance**</u>

A-2

**of February 22, 2023, in order to afford him the opportunity to comply with related Court Orders issued, without further Court intervention?**

Please **acknowledge receipt of**, and also let Plaintiff know when you **expect to be able to respond to**, this email sent in good faith pertaining to the noticeable discovery dispute in question.

If you would like to host a conference call together pertaining to this email and matter, please do also let me know.

Best,

Cameron Thierry, CPA
404.822.0336
Cameron.Thierry@gmail.com

> On Feb 7, 2023, at 9:55 PM, Cameron Thierry <cameron.thierry@gmail.com> wrote:
>
> Good Evening Mr. Johnson -
>
> Note the following two documents attached, and which you were previously served a copy of on January 31, 2023 below, relating to a **Discovery Request** for Production of a Document from Defendant, were **filed** in Thierry v. The Honey Pot Company (DE), LLC:
>
> > 1. **DISCOVERY REQUEST for Production of Schedule of Defendant's Limited Liability Company Members**, Dkt. No. 34, filed February 1, 2023
> >
> > 2. **Brief In Support of DISCOVERY REQUEST for Production of Schedule of Defendant's Limited Liability Company Members**, Dkt. No. 34-1, filed February 1, 2023
>
> Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure and Local Rule 5, consider Defendant's counsel copied here served.
>
> DOCUMENTS SERVED:
>
> > 1. DISCOVERY REQUEST for Production of Schedule of Defendant's Limited Liability Company Members (5 pages)
> >
> > 2. BRIEF IN SUPPORT of DISCOVERY REQUEST for Production of Schedule of Defendant's Limited Liability Company Members (4 pages)
>
> Best,
>
> Cameron Thierry, CPA
> 404.822.0336
> Cameron.Thierry@gmail.com
>
> On Tue, Jan 31, 2023 at 6:32 PM Cameron Thierry

A-3

&lt;cameron.thierry@gmail.com&gt; wrote:
Good Evening Mr. Johnson -

Please see the following two documents attached relating to a **Discovery Request** for Production of a Document from Defendant, and **soon to be filed** in Thierry v. The Honey Pot Company (DE), LLC:

1. **PLAINTIFF'S DISCOVERY REQUEST FOR PRODUCTION OF SCHEDULE [OR LIST] OF DEFENDANT'S LIMITED LIABILITY COMPANY MEMBERS [ALONG WITH CITIZENSHIPS]**
2. **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISCOVERY REQUEST FOR PRODUCTION OF SCHEDULE [OR LIST] OF DEFENDANT'S LIMITED LIABILITY COMPANY MEMBERS [ALONG WITH CITIZENSHIPS]**

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure and Local Rule 5, consider Defendant's counsel copied here served.

DOCUMENTS SERVED:

1. PLAINTIFF'S DISCOVERY REQUEST FOR PRODUCTION OF SCHEDULE [OR LIST] OF DEFENDANT'S LIMITED LIABILITY COMPANY MEMBERS [ALONG WITH CITIZENSHIPS] (5 pages)
2. MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISCOVERY REQUEST FOR PRODUCTION OF SCHEDULE [OR LIST] OF DEFENDANT'S LIMITED LIABILITY COMPANY MEMBERS [ALONG WITH CITIZENSHIPS] (4 pages)

Best,

Cameron Thierry, CPA
404.822.0336
Cameron.Thierry@gmail.com

A-4

 Gmail

## Re: Thierry v. The Honey Pot Company (DE), LLC - REQUEST for List of The Honey Pot Company (DE), LLC Owners/Members with Citizenship Included

**cameron.thierry@gmail.com** <cameron.thierry@gmail.com>                    Tue, Jan 31, 2023 at 5:59 PM
To: Scot Burton <scot.burton@phoenixsrliving.com>
Cc: Diane Catlin <diane.catlin@phoenixsrliving.com>

Thanks for responding, Mr. Burton.

Do also know - you've been listed as a **witness** in regards to the matter (having knowledge of Plaintiff's work performed under contract, having worked directly with *him*).

Best,

Cameron Thierry, CPA
404.822.0336
Cameron.Thierry@gmail.com

> On Jan 31, 2023, at 12:57 PM, Scot Burton <scot.burton@phoenixsrliving.com> wrote:
>
>
> Ms. Thierry, thank you for reaching out. It does appear I am still the registered agent for service of process. I am going to reach out to the company and have them update that information to their current legal counsel. As you are aware I am no longer in private practice.
>
> That being said, as the current registered agent I am able to accept service of process on behalf of the entity and have an obligation to provide any legal service of process I receive to the company.
>
> This obligation applies strictly to legal served documents. I am not able to provide you any information regarding the company. It appears you are working with legal counsel for Honey Pot and I suggest you reach out to them.
>
> Best regards,
>
> Scot
>
>
> **Scot Burton | General Counsel**
>
> ───────────────────────────────
>
> Phoenix Senior Living LLC
>
> 10933 Crabapple Rd. | Roswell, GA, 30075



O: 470.632.5357 | C: 404.822.0183

E: scot.burton@phoenixsrliving.com





**From:** Diane Catlin <diane.catlin@phoenixsrliving.com>
**Sent:** Tuesday, January 31, 2023 1:40 PM
**To:** Cameron Thierry <cameron.thierry@gmail.com>
**Cc:** Scot Burton <scot.burton@phoenixsrliving.com>
**Subject:** RE: Thierry v. The Honey Pot Company (DE), LLC - REQUEST for List of The Honey Pot Company (DE), LLC Owners/Members with Citizenship Included

Good afternoon Cameron,

I have copied Scot on this email as an introduction.

Thanks!

**Diane Catlin | Administrative Assistant**



Phoenix Senior Living LLC

10933 Crabapple Rd. | Roswell, GA, 30075

O: 678-214-2900 | F: 678-214-2905 | C: 904-612-1531

E: diane.catlin@phoenixsrliving.com





**From:** Cameron Thierry <cameron.thierry@gmail.com>

**Sent:** Tuesday, January 31, 2023 12:07 PM
**To:** Diane Catlin <diane.catlin@phoenixsrliving.com>
**Cc:** Michael Johnson <mjohnson@taylorenglish.com>; Toby Tatum <ttatum@taylorenglish.com>
**Subject:** Thierry v. The Honey Pot Company (DE), LLC - REQUEST for List of The Honey Pot Company (DE), LLC Owners/Members with Citizenship Included

---

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

---

ATTENTION: SCOT BURTON

Good Afternoon Mr. Burton -

I am *Pro Se* litigant in Thierry v. The Honey Pot Company (DE), LLC (United States District Court - Northern District of Georgia [1:22-cv-04414-MHC]), with your old colleagues Mr. Johnson and Mr. Tatum (copied) representing the Defendant.

Pursuant to a recent Court Order granted on January 31, 2023 by Judge Mark H. Cohen, I am reaching out to you, as you are the current *Registered Agent with Business Information on File* for The Honey Pot Company (DE), LLC, for you to **identify by name and provide the citizenships for the members of The Honey Pot Company (DE), LLC** (or, if a member is a limited liability company, for those members as well) - **can you please provide such a list within 48 hours?** Please let me know if you are no longer the person *in c/o* this information on behalf of the Defendant, and if not, if you know who replaced you since?

**Please also let me know <u>if you will need more than 48 hours</u> to respond to, and fulfill, this email request.**

Best,

Cameron Thierry, CPA
404.822.0336
Cameron.Thierry@gmail.com

---

**3 attachments**



**image001.png**
20K

**image007.jpg**
1K

**image008.jpg**
1K

ATTACHMENT B

Control No: 12066399
Date Filed: 08/16/2012 02:48 PM
Brian P. Kemp
Secretary of State

August 16, 2012

# ARTICLES OF ORGANIZATION
## FOR GEORGIA LIMITED LIABILITY COMPANY

**The name of the Limited Liability Company is:**
The Happy Root L.L.C.

**The principal mailing address of the Limited Liability Company is:**
1577 Braeburn Drive
Atlanta, GA 30316

**The Registered Agent is:**
Indra Tobias
130 Boulevard NE , Unit 2
Atlanta, GA 30312
**County:** Fulton

**The name and address of each organizer(s) are:**
Beatrice Nikkia Dixon
1577 Braeburn Drive
Atlanta, GA 30316

**The optional provisions are:**
No optional provisions.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Organization on the date set forth below.

**Signature(s):**
Organizer, Beatrice Nikkia Dixon

**Date:**
August 16, 2012

B-4

Control No. **12066399**

# STATE OF GEORGIA

## Secretary of State
**Corporation Division**
**315 West Tower**
**#2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

# CERTIFICATE
# OF
# ORGANIZATION

I, Brian P. Kemp, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## The Happy Root L.L.C.

### a Domestic Limited Liability Company

has been duly organized under the laws of the State of Georgia on **August 16, 2012** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.



WITNESS my hand and official seal of the City of Atlanta and the State of Georgia on August 16, 2012

Brian P. Kemp
Secretary of State

B-5

**M** Gmail

## RE: FOIA request

**dos, foia (MailBox Resources)** <DOS.FOIA@delaware.gov>                    Wed, Feb 8, 2023 at 6:18 AM
To: "cameron.thierry@gmail.com" <cameron.thierry@gmail.com>
Cc: "Folke, Christina (DOS)" <Christina.Folke@delaware.gov>, "Kervin, Amy R (DOS)" <Amy.Kervin@delaware.gov>,
"Scalise, Joseph M. (DOS)" <Joseph.Scalise@delaware.gov>

Good morning:

In Delaware, a FOIA request does not constitute a written request of business entity records because they are of
public domain, more specific information on which items you are requesting and a payment are required to process
the order. You may obtain actual copies of the public records available for any Delaware business entity through the
Delaware Division of Corporations website for a fee.

Note that under Delaware law, Limited Liability Companies (LLC) and Limited Partnership Companies (LP) do not
have officers or directors but members/partners.  Further, there is no mechanism (annual report) that requires limited
liability companies to list their members.  Their only point of contact is their registered agent which is available at the
Delaware Division of Corporations website at no cost. The agent of record is not required to provide any information
on its clients.

All active domestic corporation annual reports and franchise taxes are due annually on or before March 1st. A written
request and payment must be submitted to obtain these documents. This information is not available on our website
and a copy of each annual report is $10.

Corporate information can be obtained four ways: 1) the website: http://www.corp.delaware.gov; 2) by telephone 302-
739-3073, Monday through Friday, 8 am to 5 pm.; 3) by Live Person chat by logging onto the website
http://www.corp.delaware.gov , select the CONTACT link then Live Support and Entity Information, their office is open
Monday through Friday, 8:30 am to 4 pm to accept Live Person chats; or 4) by email at DOSDOC_Web@State.de.us,
will respond on a first-in, first out basis – typically within 24 hours. (All Eastern Standard Time.)

You may use the Document Upload Service on the Division of Corporations' website at www.corp.delaware.gov or
mail your request to our office depending on your form of payment. We accept Visa, MasterCard, Discover, Amex,
U.S. Bank in U.S. funds check and money order. Make checks payable to the "Delaware Secretary of State". You may
have your documents returned to you either regular mail or by FedEx or UPS if you have an account set up with one
of these courier services.

If you are providing a bankcard, please use the Document Upload Service on the Division of Corporations' website at
www.corp.delaware.gov.  If you are providing a check you will have to mail your request to us at: Delaware Division of
Corporations, 401 Federal Street, Suite 4, Dover, DE 19901.

Please contact the Division of Corporations directly for further questions.

Thank you,


Tammy Stock

Delaware Department of State – FOIA Coordinator


---

**From:** noreply@delaware.gov <noreply@delaware.gov>
**Sent:** Wednesday, February 8, 2023 12:54 AM
**To:** dos, foia (MailBox Resources) <DOS.FOIA@delaware.gov>
**Cc:** cameron.thierry@gmail.com
**Subject:** FOIA request


Request Date: Wednesday, February 08, 2023
Division: DOS.foia@delaware.gov
Name: Cameron Thierry
Address1: 1834 Drexel Blvd Apt # 209
Address2:
Address3:
City: South Milwaukee
State: WI
Zip Code: 53172
Phone: 404-822-0336
Email: cameron.thierry@gmail.com
Request: am seeking a list of names of limited liability company members, along with respective citizenships, of The Honey Pot Company (DE), LLC [File No. 6951937] (or, if a member is a limited liability company, for names and citizenships of those members as well). Are you able to make this public records disclosure (see attached filing of The Honey Pot Company (DE), LLC)?
Cost: $50.00

ATTACHMENT B

## M Gmail

## FW: Webform submission from: Open Records Request

---

**ORR Administration** <openrecords@sos.ga.gov>                                 Wed, Feb 8, 2023 at 8:45 AM
To: "cameron.thierry@gmail.com" <cameron.thierry@gmail.com>

Under Georgia law, LLCs are not required to file information regarding members with the Corporations Division of the Secretary of State's office. LLCs may, but are not required to, include such member information in their articles of organization. All available filings this LLC has made with the Corporations Division are in the LLC's filing history on our website at https://ecorp.sos.ga.gov/BusinessSearch.

We do not have information on citizenship.

### Stephany Sheriff

*Open Records Request Officer*

*Georgia Secretary of State*

Phone: 4705839100



**From:** Georgia Secretary of State <websiteforms@sos.ga.gov>
**Sent:** Wednesday, February 8, 2023 12:34 AM
**To:** ORR Administration <openrecords@sos.ga.gov>
**Subject:** Webform submission from: Open Records Request

**EXTERNAL EMAIL:** Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Submitted on Wed, 02/08/2023 - 00:34

Submitted values are:

**First name**

Cameron

**Last name**

Thierry

**Mailing Address**

1834 Drexel Blvd Apt # 209

**City**

South Milwaukee

**State**

Wisconsin

**ZipCode**

53172

**Phone Number**

404-822-0336

**Email**

cameron.thierry@gmail.com

**In the field below detail your open records request:**

Hello -

I am seeking a list of names of limited liability company members, along with respective citizenships, of The Honey Pot Company (DE), LLC [Control Number: 12066399] (or, if a member is a limited liability company, for those members as well). Are you able to make this public records disclosure (see attached filing of The Honey Pot Company (DE), LLC)?

ATTACHMENT B

# State Of Delaware

Entity Details

1/31/2023  12:57:30PM

File Number: 6951937                           Incorporation Date / Formation Date: 6/27/2018

Entity Name: THE HONEY POT COMPANY (DE), LLC

Entity Kind: Limited Liability Company         Entity Type: General

Residency: Domestic                                   State: DELAWARE

Status: Good Standing                          Status Date: 10/27/2022

**Registered Agent Information**

Name: THE CORPORATION TRUST COMPANY

Address: CORPORATION TRUST CENTER 1209 ORANGE ST

City: WILMINGTON                                Country:

State: DE                                     Postal Code: 19801

Phone: 302-658-7581

**Tax Information**

Last AnnualReport Filed:    0                   Tax Due: $ 0

Annual Tax Assessment:    $300                  Total Authorized Shares:

**Filing History (Last 5 Filings)**

| Seq | Description | No of Pages | Filing Date mm/dd/yyyy | Filing Time | Effective Date mm/dd/yyyy |
|-----|-------------|-------------|------------------------|-------------|---------------------------|
| 1 | Formation | 1 | 6/27/2018 | 5:34 PM | 6/27/2018 |
| 2 | Conversion | 1 | 6/27/2018 | 5:34 PM | 6/27/2018 |

ATTACHMENT B

# OPERATING AGREEMENT

## OF

## THE HAPPY ROOT, LLC
### (the "Company")

### Organized under the Georgia Limited Liability Company Act

## ARTICLE I

## ORGANIZATION MATTERS

Section 1.01. Formation. Prior to the date hereof, the Company has been organized as a Georgia limited liability company by the filing of Certificate of Organization under and pursuant to the Georgia Limited Liability Company Act and the certificate of organization for the Company has been issued by the Georgia Secretary of State.

Section 1.02. Name. The name of the Company is "THE HAPPY ROOT, LLC" The Company's business may be conducted under such name or any other name or names deemed advisable by the Members. The Members will comply or cause the Company to comply with all applicable laws and other requirements relating to fictitious or assumed names.

Section 1.03. Purpose and Business. The business of the Company shall be the transaction of any and all lawful business for which limited liability companies may be organized under the GALLCA.

Section 1.04. Principal Office. The principal business office and registered office of the Company shall be at 400 West Peachtree Street NW Unit 710 Atlanta, Georgia 30308, or such other place in the State of Georgia designated from time to time by the Members. The Company shall maintain records there as required by the GALLCA.

Section 1.05. Foreign Qualification. Prior to the Company's conducting business in any jurisdiction other than Georgia, the Members (Member should be changed to President on most of the description) shall cause the Company to comply, to the extent

1

Happy Root LLC -Operating Agreement.docx [SYGL]

procedures are available and those matters are reasonably within the control of the Members, with all requirements necessary to qualify the Company as a foreign limited liability company in that jurisdiction. At the request of the Members, each Member shall execute, acknowledge, swear to, and deliver all certificates and other instruments conforming with this Operating Agreement that are necessary or appropriate to qualify, continue or terminate the Company as a foreign limited liability company in all jurisdictions in which the Company may conduct business.

Section 1.06. Term. The Company shall commence on the date the Secretary of State of Georgia issues a certificate of organization for the Company and shall continue in existence for the period fixed in the Certificate of Organization of the Company, or such earlier time as this Operating Agreement may specify or applicable law may require.

## ARTICLE II

## DEFINITIONS

Capitalized terms used in this Operating Agreement and not otherwise defined herein shall have the following meanings:

Advances. At any time, the total amount from time to time lent to the Company by all Members or any one Member, as the case may be, and not theretofore repaid by the Company.

Affiliate. When used with reference to a specific Person: (i) any Person directly or indirectly owning, controlling or holding the power to vote ten percent (10%) or more of any class of the voting securities of the specified Person; (ii) any Person that directly or indirectly through one or more intermediaries controls or is controlled by or is under common control with the specified Person; or (iii) any Person that is an officer or director of, partner in, or trustee of, or serves in a similar capacity with respect to, the specified Person or of which the specified Person is an officer or director, partner or trustee, or with respect to which the specified Person serves in a similar capacity.

Assignee. A Person to whom a Membership Interest has been transferred in a manner expressly permitted under Article VIII, and who thereby shall have an interest in the Company equivalent to that of a Member, but (i) limited to the rights and obligations to share in the allocations and distributions, including liquidating distributions, of the Company, and (ii) otherwise subject to the limitations under the Operating Agreement on the rights of an Assignee who has not become a Substituted Member. As used herein, the

2

Happy Root LLC -Operating Agreement.docx [SYGL]

phrase "Members or their Assignees" means Members or, if and to the extent that any Assignees shall have succeeded to the interest of any Members in the Company, then such Assignees in lieu of such predecessor Members.

Capital Contribution. At any time the total amount contributed to the Company by all Members or any one Member, as the case may be, including each Member's Initial Capital Contribution and any additional capital contributions and not theretofore returned by the Company.

Cash Available for Distribution. With respect to any point in time, all Company cash, demand deposits and short-term marketable securities on hand, after payment or reservation for payment of all operating expenses of the Company (including debt service), and less such additional reserves as the Members shall deem reasonable to retain in order to provide for the operation of the Company's business.

Code. The Internal Revenue Code of 1986 and any successor statute, as amended and in effect from time to time.

Initial Capital Contribution. See Section 3.01.

Majority Interest means one or more Members having more than fifty-five percent (55%) of the Units of all Members.

Member. Each Person set forth on Exhibit A hereto who contributes the Initial Capital Contribution set forth for such Person on Exhibit A in compliance with the requirements of Section 3.01, unless such Person ceases to be a Member hereunder or sells, transfers or otherwise disposes of a portion of its interest in the Company and is replaced in whole or in part, as the case may be, by a Substituted Member, in each case in accordance with the Operating Agreement, each additional Member who may be admitted to the Company as provided herein, and each Person that becomes a Substituted Member, if any, of the Company as provided herein, in each case in such Person's capacity as a Member of the Company.

Membership Interest. Each Member's percentage interest in the Company which shall be equal to the percentage of the total aggregate number of Units of the Company represented by such Member's Units.

GAGL. The Georgia General Laws.

3

Happy Root LLC -Operating Agreement.docx [SYGL]

## EXHIBIT A

## INITIAL CAPITAL CONTRIBUTIONS AND MEMBERSHIP INTERESTS

| Name and Address of Member | Number of Membership Units Interest |
|---|---|
| Beatrice Dixon<br>400 West Peachtree Street NW<br>Unit 710<br>Atlanta, Georgia 30308 | 50% |
| Simon Gray<br>400 West Peachtree Street NW<br>Unit 710<br>Atlanta, Georgia 30308 | 50% |
| TOTAL | 100% |

38

Happy Root LLC -Operating Agreement.docx [SYGL]

**ATTACHMENT C**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|                                        |     |                                  |
| -------------------------------------- | --- | -------------------------------- |
| CAMERON M. THIERRY,                    | :   |                                  |
|                                        | :   |                                  |
| Plaintiff,                             | :   |                                  |
|                                        | :   |                                  |
| v.                                     | :   | Civil Case No. 1:22-CV-4414-MHC  |
|                                        | :   |                                  |
| THE HONEY POT COMPANY (DE), LLC,       | :   |                                  |
|                                        | :   |                                  |
| Defendant.                             | :   |                                  |

## SERVICE ON NOTICE OF MOTION PURSUANT TO STANDING ORDERS SECTION II(A)

The undersigned as counsel for Plaintiff in the above-styled case, hereby certifies that service on notice of the Motion for Extension of Court Ordered Deadline (or the "Motion" hereinafter) was made on February 18, 2022 via electronic mail, pursuant to Standing Orders Section II(A), with proof of service on notice attached hereto.

Respectfully submitted this 20th day of February, 2023.

*[Signature of Counsel on Following Page]*

1

C-1

**ATTACHMENT C**

CAMERON M. THIERRY
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE

Attorney for Plaintiff
Cameron M. Thierry

2

C-2

Case 1:22-cv-04414-MHC    Document 44    Filed 02/22/23    Page 37 of 37

<u>**ATTACHMENT C**</u>

 Gmail

Cameron Thierry <cameron.thierry@gmail.com>

---

# Notice of Motion for Extension of Court Ordered Deadline [Thierry v. The Honey Pot Company, (DE), LLC]

1 message

---

**Cameron Thierry** <cameron.thierry@gmail.com>                    Sat, Feb 18, 2023 at 6:26 PM
To: Michael Johnson <mjohnson@taylorenglish.com>
Cc: Toby Tatum <ttatum@taylorenglish.com>, Winifred Farria <wfarria@taylorenglish.com>

Good Evening Mr. Johnson -

Is Defendant unopposed or opposed to Plaintiff requesting an extension on the February 22, 2023 Court Ordered deadline imposed, so Ordered on February 8, 2023 (Dkt. No. 40)?

At a minimum, Plaintiff intends to propose an extension to comply with the February 22, 2023 Court Ordered deadline to by or on March 16, 2023.

Best,

Cameron Thierry, CPA
404.822.0336
Cameron.Thierry@gmail.com

C-3